David Sell 97-B-2642
P.O. Box 149
Attica, N.Y. 14011-0149

Hon. Victor E. Bianchini, U.S. Magistrate
U.S. District Court
Western District Of New York
68 Court St., Room 501
Buffalo, N.Y. 14202 - 3406



June 16, 2011

### RE: SELL V. CONWAY 10-CV-6182
### REQUESTING PERMISSION TO SUPPLEMENT PETITION
### AND UTILIZE DISCOVERY

Dear Hon. Victor E. Bianchini:

Last month I was advised by Magistrate Judge Marian Payson that, my Habeas Corpus

petition was transferred and is now before you. There has been recent developments I would like

to bring to your attention, as well as a few concerns I previously addressed to the Hon. Marian

Payson.

In point three of my petition, I argue the prosecutor's knowing use of perjured testimony and

undisclosed agreements with witnesses Gordon Maston and Adrian Morrow. Recently I was able

to obtain Gordon Maston's plea minutes (**see Ex. A**). Although I had made several attempts in the

past to obtain these transcripts, I was unable to. The original Court Reporter Brian Walters had

retired. In time I then contacted the principal Court reporter and was able to obtain the transcripts

(**see Ex. B**). I would like to know if it is possible to supplement my petition with this newly

discovered evidence as it only strengthens my argument and presents no new issue (**see pg. 6 of Ex.**

**A**).

I also have some concerns pertaining to my indictment. **Ex. C**, is a copy of my indictment

obtained from the District Attorney's office. **Ex. D**, is a copy of the same indictment obtained from the Erie County Clerk's office. Although these are the same indictments, they contain different forms of signatures in regards to the District Attorney. **Ex. C,** contains a stamped signature and **Ex. D**, is in the form of a handwritten signature. I question why and how can two different indictments with different signatures exist? Even more troubling is how the initials of former A.D.A Michael J. Cooper are point for point the same on each indictment (see pg. 2 of **Ex. C** and **D**). It is evident that one of the indictments have been altered in regards to the District Attorney's signature.

Ex. E, is a copy of the true bill cover sheet. You will notice the true bill stamped as being filed on December 23, 1996 but lacks the signature of the clerk who filed it. It also lacks the signature of the foreperson. In response to a foil request in which I requested a signed copy of the true bill, Deputy District Attorney Defranks indicated that, a signed copy of the true bill does not exist in their files (**see Ex. F**).

I have made numerous inquires to the District Attorney's office concerning this matter. My latest correspondence was addressed to D.A. Frank Sedita and A.D.A. Michael J. Hillery. My letters were received by their office on April 18, 2011 (**see Ex. G**). I have not yet received any response.

Base on these documents, I question the tactics of former A.D.A Michael J. Cooper and the authenticity of my indictment. As well as the trial Courts Jurisdiction over this matter. If a Court holds a trial without Jurisdiction, it violates the Due Process Clause of the fifth or fourteenth amendment.

I would respectfully ask that the Court allow me to utilize Discovery pursuant to Habeas Rule 6(a), in order to secure the following documents relevant to my indictment:

1. The Grand Jury vote Sheet, did the people have the required number of votes to indict?

2. The sworn affidavit from the foreperson verifying the indictments authenticity.

3. I would also respectfully ask this Court to compel the people to respond to petitioners inquires concerning the indictment.

In the alternative, the Court may find an in camera inspection of these documents more appropriate and thus grant petitioner relief this Court deems to be proper.

David Sell, Pro Se

**I declare under the penalty of perjury that the foregoing is true and correct. Executed** on _June 16ᵗʰ 2011._

David Sell, Pro Se

Copy: Michael J. Hillery
    25 Delaware Ave.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

### CERTIFICATE OF SERVICE

------------------------------------

DAVID SELL, 97B2642

     Petitioner

    V                       **Docket No.** 10-CV-6182

JAMES T. CONWAY

     Respondent

------------------------------------

    I, David Sell, hereby certify under penalty of perjury that on June
16, 2011, I served by United States Mail a copy of the request for permission
to Supplement petition and utilize discovery, and served said request to
the respondent at:

        25 Delaware Ave.
        Erie County District Attorney's Office
        Buffalo, NY 14202
        Attn: Michael J. Hillery

                        David Sell, 97B2642

COUNTY COURT OF THE STATE OF NEW YORK

COUNTY OF ERIE  :  CRIMINAL TERM  :  PART 4

***********************************

PEOPLE OF THE STATE OF NEW YORK            Indictment No.
                                           97-0201-001
             VS.

GORDON MASTON and OLYMPIA JOHNSON,      Pleas

                  Defendants.

***********************************

                        Erie County Hall
                        92 Franklin Street
                        Buffalo, New York
                        November 13, 1997


B e f o r e:

          HONORABLE SHEILA A. DITULLIO,
          Erie County Court Judge.

A p p e a r a n c e s:

          FRANK J. CLARK, III, ESQ.,
          Erie County District Attorney,
          By  CAROL GIARRIZZO BRIDGE, ESQ.,
          Assistant District Attorney,
          Appearing for the People.

          E. CAREY CANTWELL, ESQ.,
          Appearing for the Defendant Maston.

          DAVID R. ADDELMAN, ESQ.,
          Appearing for the Defendant Johnson.


                        LINDA L. WOLNIEWICZ
                        Official Court Reporter

Plea

1          MS. BRIDGE:  This is the matter of People

2     versus Gordon Maston and Olympia Johnson, indictment

3     97-201-001.  Both defendants are present with their

4     attorneys, Mr. David Addelman and Carey Cantwell.  It's

5     my understanding this morning both defendants wish to

6     withdraw their pleas of not guilty under this

7     indictment and plead guilty to a reduced charge under

8     the first count of the indictment to Attempted Robbery

9     in the Second Degree, in violation of Penal Law section

10    110/160.10, subdivision 2(b) and section 20.  Our only

11    condition on this plea would be that both defendants

12    waive their right to appeal.  They are pleading to a

13    class D violent felony.

14          THE COURT:  They are both pleading to the

15    same thing?

16          MS. BRIDGE:  Yes.

17          MR. CANTWELL:  Good morning, Your Honor.

18          MR. ADDELMAN:  Your Honor, I regretfully am

19    going to ask for a brief adjournment.  My client raised

20    some questions I need to discuss with her before we can

21    proceed.

22          THE COURT:  You can take time to do --

23          MR. ADDELMAN:  I don't mean to a later date.

24    I mean I need to talk to her right now.

25          THE COURT:  A few minutes?

Plea

1         MR. ADDELMAN:  Five minutes to do it.

2              (A short recess was then taken.)

3         MS. BRIDGE:  Carol Bridge recalling the

4    matter of People versus Gordon Maston and Olympia

5    Johnson, 97-201-001.  Once again, both attorneys are

6    present, Mr. David Addelman and Carey Cantwell.  Both

7    defendants are present.  As I stated earlier for the

8    record, the defendants are withdrawing their pleas of

9    not guilty under this indictment and pleading guilty to

10   a reduced count under the first count of the indictment

11   to Attempted Robbery in the Second Degree, a class D

12   violent felony, in violation of Penal Law section

13   110/160.10-2(b) and section 20.  Our only condition on

14   the plea would be that the defendant waives his right

15   to appeal.

16         THE COURT:  Thank you, Miss Bridge.  Is that

17   correct, Mr. Cantwell?

18         MR. CANTWELL:  That's my understanding.

19         MR. ADDELMAN:  Yes, Your Honor.

20         THE COURT:  At this point, Mr. Maston and

21   Miss Johnson, is it your intention to withdraw your

22   pleas of not guilty and plead guilty today to the

23   Attempted Robbery Second?

24         DEFENDANT JOHNSON:  Yes.

25         DEFENDANT MASTON:  Yes.

Plea

1   THE COURT:  We will have you sworn, and I

2   will ask you some questions.

3   (Defendants Gordon Maston and Olympia

4   Johnson were then duly sworn.)

5   THE CLERK:  We will do Gordon first.  Please

6   state your name for the record, spell your last name.

7   THE DEFENDANT:  Gordon Maston, M-A-S-T-O-N.

8   THE CLERK:  Date of birth?

9   THE DEFENDANT:  3/11/75, 331 South Division

10   is my address.

11   THE CLERK:  Zip code?

12   THE DEFENDANT:  14204.

13   THE CLERK:  Telephone?

14   THE DEFENDANT:  852-5549.

15   THE CLERK:  Miss Johnson, please state your

16   name for the record, spell your last name.

17   THE DEFENDANT:  Olympia Johnson,

18   J-O-H-N-S-O-N, 10/13/76, 570 Wilson, telephone number

19   855-0659.

20   THE CLERK:  Thank you.

21   THE COURT:  Mr. Maston and Miss Johnson, do

22   you feel that you had enough time to discuss this plea

23   of guilty with your lawyer?

24   DEFENDANT MASTON:  Yes.

25   DEFENDANT JOHNSON:  Yes.

Plea

1    THE COURT:  Has anyone, your lawyers or me,

2    the court, the D.A., the police or anyone else forced

3    or threatened you to plead guilty?

4    DEFENDANT JOHNSON:  No.

5    DEFENDANT MASTON:  No.

6    THE COURT:  This is your own decision?

7    DEFENDANT JOHNSON:  Yes.

8    THE COURT:  You're doing it voluntarily?

9    DEFENDANT MASTON:  Yes.

10    DEFENDANT JOHNSON:  Yes.

11    THE COURT:  You understand a plea of guilty

12    is a conviction as if you'd had a trial and were

13    convicted by a jury?

14    DEFENDANT MASTON:  Yes.

15    DEFENDANT JOHNSON:  Yes.

16    THE COURT:  You also realize that when you

17    plead guilty, you give up your privilege against

18    self-incrimination, making statements against yourself

19    guaranteed by the Fifth Amendment?

20    DEFENDANT JOHNSON:  Yes.

21    DEFENDANT MASTON:  Yes.

22    THE COURT:  Finally, do you realize when you

23    plead guilty, you give up your Constitutional right to

24    be confronted by your accusers and to have them testify

25    in open court?

Plea

1          DEFENDANT MASTON:  Yes.

2          DEFENDANT JOHNSON:  Yes.

3          THE COURT:  You realize if you plead guilty

4     today, there will not be a trial?

5          DEFENDANT MASTON:  Yes.

6          DEFENDANT JOHNSON:  Yes.

7          THE COURT:  Mr. Maston, specifically as to

8     you, I have had numerous discussions with the D.A. and

9     with your lawyer, and based on the circumstances of

10    this case and your cooperation, the court has committed

11    to a sentence of probation; is that your understanding?

12         DEFENDANT MASTON:  Yes, sir.

13         THE COURT:  Miss Johnson, I have also had

14    discussion with your lawyer and the D.A., and I have

15    committed to a sentence of probation; is that your

16    understanding?

17         DEFENDANT JOHNSON:  Yes.

18         THE COURT:  With that, Mr. Maston, let me

19    start with you.  Is it true, sir, that on or about

20    November 1st, 1996, in Erie County, that you attempted

21    to forcibly steal property, title to a car, from a

22    Jacqueline Jackson, and in the course of the commission

23    of the crime or immediate flight you displayed what

24    appeared to be a firearm?

25         DEFENDANT MASTON:  Yes.

Plea

1          THE COURT:  Is that what you're pleading

2     guilty to?

3          DEFENDANT MASTON:  Yes.

4          THE COURT:  Let me add one thing to that.

5     You indicated that you're pleading guilty to the

6     attempted robbery while being intentionally aided by

7     another; is that correct?

8          DEFENDANT MASTON:  Yes.

9          THE COURT:  Is that what you're pleading

10    guilty to?

11         DEFENDANT MASTON:  Yes.

12         THE COURT:  Any question in your mind about

13    your guilt?

14         DEFENDANT MASTON:  Yes.

15         THE COURT:  Miss Johnson, let me ask you the

16    same thing.  Is it true that on or about November 1st,

17    1996, being intentionally aided by another, that you

18    attempted to forcibly steal property, title to a car,

19    from a Jacqueline Jackson, and in the course of the

20    commission of the crime or immediate flight you

21    displayed what appeared to be a firearm?

22         DEFENDANT JOHNSON:  Yes, sir.

23         THE COURT:  Any question in your mind about

24    your guilt?

25         DEFENDANT JOHNSON:  No.

Plea

1          THE COURT:  With that, I think the only

2    condition left is that you're waiving your right to

3    appeal; do you understand that, Miss Johnson?

4          DEFENDANT JOHNSON:  Yes.

5          THE COURT:  Mr. Maston, you understand that?

6          DEFENDANT MASTON:  Yes.

7          THE COURT:  You both understand that then you

8    cannot appeal this case to a higher court?

9          DEFENDANT MASTON:  Yes.

10          THE COURT:  The only legal proceeding left is

11    the sentence?

12          DEFENDANT JOHNSON:  Yes.

13          DEFENDANT MASTON:  Yes.

14          THE COURT:  With that, we will schedule

15    sentencing.

16          THE CLERK:  January 14th, 9:30.

17          MS. BRIDGE:  Thank you.

18          MR. CANTWELL:  Thank you.

19          MR. ADDELMAN:  Thank you.

20          THE COURT:  Bail to continue, Mr. Maston and

21    Miss Johnson.  The only thing that can change this

22    commitment is if between now and the time of sentence

23    that you get arrested or get into any trouble, you

24    understand that, or that you don't show up for

25    sentencing; you understand that?

Plea

1    DEFENDANT JOHNSON:   Yes.

2    DEFENDANT MASTON:   Yes.

3         (Proceedings concluded.)

4              *         *         *

5    I hereby certify that the foregoing 8 pages are a

6    true, accurate and complete transcription, to the best of my

7    ability, of the stenographic notes taken by Brian Walters,

8    Court Reporter, on November 13, 1997, in the matter of the

9    People of the State of New York vs. Gordon Maston,

10   Indictment No. 97-0201-001.

11

12                              _Linda L. Wolniewicz_
                                LINDA L. WOLNIEWICZ
13                              Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25



**OFFICE OF COURT REPORTERS**
**EIGHTH JUDICIAL DISTRICT - FOURTH DEPT.**
25 Delaware Avenue, 5th Floor
Buffalo, New York 14202-3926
(716) 845-2127
Fax: (716) 851-3322

**Carolyn A. Vario**
Principal Court Reporter

**Sherrlyn J. Broome**
Court Assistant

April 27, 2011

David Sell   DIN: 97B2642
Attica Correctional Facility
P.O. Box 149
Attica, NY   14011

      Re: People v. Gordon Maston
        Indictment No. 97-201

Dear Mr. Sell:

Pursuant to your request, enclosed is the transcript of the plea proceedings
with respect to the above matter held on November 13, 1997 before the
Hon. Sheila A. DiTullio.  Please be advised this matter is paid in full and
there is no balance due.

Very truly yours,

Carolyn Vario

Carolyn Vario

:cv

Enc.

COUNTY COURT:        ERIE COUNTY

_____

THE PEOPLE OF THE STATE OF NEW YORK

        against                          Indictment No. 95-3212-001

DAVID SELL

_____

      THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment

accuses DAVID SELL of the following crime:

      FIRST COUNT:    MURDER IN THE SECOND DEGREE, in that he,

the said DAVID SELL, on or about the 21st day of October, 1995, in

this County, with intent to cause the death of SHELDON NEWKIRK, did

cause the death of SHELDON NEWKIRK, by shooting him.

      SECOND COUNT:    AND THE GRAND JURY OF THE COUNTY OF ERIE,

by this indictment accuses DAVID SELL of the following crime:

      CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE, AN

ARMED FELONY, in that he, the said DAVID SELL, on or about the 21st

day of October, 1995, in this County, possessed a loaded firearm,

to wit: a loaded pistol, with intent to use the same unlawfully

against another, to wit: SHELDON NEWKIRK.

THIRD COUNT:   AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment accuses DAVID SELL of the following crime:

RECKLESS ENDANGERMENT IN THE FIRST DEGREE, in that he, the said DAVID SELL, on or about the 21st day of October, 1995, in this County, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, to wit: GERALD WEBB, by shooting at him.

**s/KEVIN M. DILLON**

KEVIN M. DILLON
DISTRICT ATTORNEY OF ERIE COUNTY

COUNTY COURT:          ERIE COUNTY

------

THE PEOPLE OF THE STATE OF NEW YORK

        against                          Indictment No. 95-3212-001

DAVID SELL

------

        THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment accuses DAVID SELL of the following crime:

        FIRST COUNT:   MURDER IN THE SECOND DEGREE, in that he, the said DAVID SELL, on or about the 21st day of October, 1995, in this County, with intent to cause the death of SHELDON NEWKIRK, did cause the death of SHELDON NEWKIRK, by shooting him.

        SECOND COUNT:   AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment accuses DAVID SELL of the following crime:

        CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE, AN ARMED FELONY, in that he, the said DAVID SELL, on or about the 21st day of October, 1995, in this County, possessed a loaded firearm, to wit: a loaded pistol, with intent to use the same unlawfully against another, to wit: SHELDON NEWKIRK.

THIRD COUNT:   AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment accuses DAVID SELL of the following crime:

RECKLESS ENDANGERMENT IN THE FIRST DEGREE, in that he, the said DAVID SELL, on or about the 21st day of October, 1995, in this County, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, to wit: GERALD WEBB, by shooting at him.

KEVIN M. DILLON
DISTRICT ATTORNEY OF ERIE COUNTY

DEC 6 3 1996

No ....................
95-3212-001

**ERIE COUNTY**
COUNTY COURT

13-B

.................. Term, 19 ......
96

Arraigned the ......... day of ......... 19 ....

Plead ................. Guilty.

Counsel ................................

Filed ...... day of .................. 19 ...

.........................................

.........................................
Clerk

DAVID SELL

**THE PEOPLE**

**AGAINST**

**INDICTMENT**

MURDER IN THE SECOND DEGREE, PL §125.25-1
CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE, PL §265.03, ARMED FELONY
RECKLESS ENDANGERMENT IN THE FIRST DEGREE, PL §120.25

KEVIN M. DILLON

District Attorney

**A TRUE BILL.**

.........................................
Foreperson

n.s.-10.(Rev. 7/91) ECDA



## OFFICE OF THE ERIE COUNTY DISTRICT ATTORNEY

### FRANK A. SEDITA, III
#### DISTRICT ATTORNEY

December 22, 2009

DAVID SELL, 97B2642
ATTICA CORRECTIONAL FACILITY
PO BOX 149
ATTICA NY 14011-0149

                Re:   People v David Sell
                      Indictment No. 95-3212-001

Dear Mr. Sell:

        Your appeal from the denial of your freedom of
information request dated November 17, 2009 is denied.  As Ms.
Milling informed you in her letter dated December 2, 2009, our
records indicate that you have already been provided with an
unsigned copy of the true bill and indictment.  This document was
attached to a CPL 440.10 motion you filed on July 3, 2009.  This
office is under no obligation to provide additional copies (*Khatibi
v Weill,* 8 AD3d 485 [2nd Dept 2004]).  Additionally, I certify that
a diligent search of our files reveals that it does not contain a
**signed** copy of the true bill (*DeFabritis v McMahon,* 301 AD2d 892
[3rd Dept 2003]).  Contrary to your claim, your request for the
December 26, 1996 letter was not denied.  Ms. Milling advised you
that you were entitled to that letter upon receipt of the 25 cent
copying fee.

        If you wish to have copies of both documents, please make
your check in the amount of 0.75 cents (10.25 cents x 3 pages)
payable to the **Erie County District Attorney's Office.**  Upon
receipt of the fee, the documents will be mailed to you.

                        Very truly yours,

                        FRANK A. SEDITA, III
                        DISTRICT ATTORNEY

                BY:   JOHN J. DeFRANKS
                        Deputy District Attorney

JJDeF/rap

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael J. Hillery
Assistant District Attorney
25 Delaware Ave.
Bflo   NY   14202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
(Transfer from service label)        7008 2810 0001 3814 6346

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FRANK A. Sedita
District Attorney
25 Delaware Ave.
Bflo NY 14202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☑ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
(Transfer from service label)        7008 2810 0001 3814 6353

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | 280 |
| Return Receipt Fee (Endorsement Required) | 235 APR |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.88 |

Postmark Here

Sent To   Frank A. Sedita
Street, Apt. No.; or PO Box No.   25 Delaware Ave
City, State, ZIP+4   Buffalo NY 14202

PS Form 3800, August 2006        See Reverse for Instructions

7008 2810 0001 3814 6353

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 78 |
| Certified Fee | 280 |
| Return Receipt Fee (Endorsement Required) | 230 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.88 |

AFFIXANT
Postmark Here
APR 1 2011

Sent To   Michael J. Hillery
Street, Apt. No.; or PO Box No.   25 Delaware Ave
City, State, ZIP+4   Bflo NY 14202

PS Form 3800, August 2006        See Reverse for Instructions

7008 2810 0001 3814 6346



David Sell # 97B2642
P.O. Box 149
Attica, N.Y. 14011-149

Michael J. Hillery
Assistant District Attorney
25 Delaware Ave.
Buffalo, N.Y. 14202

April 7, 2011

Re: People v. Sell
Indictment No. 95-3212
Federal Docket No. 10-CV-6182L

Dear Mr. Hillery:

As you are aware of, you are the Assistant District Attorney representing Frank A. Sedita, and appearing on behalf of respondent James T. Conway in the above mentioned Indictment.

I have written to you previously concerning this matter, I have not received a response as of yet. Therefore, I will once again make you aware of this issue and respectfully ask that you take some type of action or respond with an explanation.

Document A is a copy of the above mentioned indictment obtained from your office. Document B is a copy of the same above mentioned Indictment obtained from the Erie County Clerk's Office. Although these are the same Indictments, they contain different forms of signatures in regards to the District Attorney. One is a stamped signature, while the other is in the form of a handwritten signature.

It is also evident that one of these Indictments have been altered. Notice how the initials of former A.D.A Michael J. Cooper (See pg. 2 of documents A & B) are point for point the same on both indictments.

I would also like for you to review documents C & D. An unsigned copy of the True Bill (C) and a letter from Deputy District Attorney Defranks indicating that, "A signed copy of the True Bill does not exist in their files".

In closing, I am asking that you respond to this letter and take the appropriate actions as it is your duty. Mr. Hillery, I thank you for your attention in this matter.

Very truly yours,

David Sell

Copy: File / D.S.
      Frank A. Sedita
      Mag. Payson

David Sell # 97-B-2642
P.O. Box 149
Attica, N.Y. 14011 - 0149

Hon. Victor E. Bianchini
U.S. District Court
Western District of New York
68 Court St., Room 501
Buffalo, N.Y. 14202-3406

June 16, 2011

Re: Sell v. Conway
10-Cv-6182

Dear Hon. Victor E. Bianchini:

Please find enclosed a request for permission to supplement petition and utilize discovery,

along with a copy of an affidavit of service.

Very truly Yours,

David Sell, Pro Se