UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID SELL,

                              Petitioner,

          v.

JAMES T. CONWAY,

                              Respondent.
_____

DECISION & ORDER

10-CV-6182

        Petitioner in the above-captioned matter has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging, *inter alia,* that the trial court improperly denied his peremptory challenge to a juror under federal and state law, that the prosecutor failed to disclose *Brady* material and that he was denied effective assistance of counsel. (Docket # 1). Currently pending before the Court is a motion by defendant to vacate an order transferring jurisdiction in this case to United States Magistrate Judge Victor E. Bianchini. (Docket # 25). For the reasons discussed below, the motion is granted.

        In a July 2010 letter, the Clerk of the Court advised the parties of their right to consent to the jurisdiction of the undersigned. (Docket # 25-1). Specifically, the letter stated, "This is to advise you that you may consent to proceed to disposition of the case before Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(c)." (*Id*.). The parties signed the consent forms, and on August 8, 2010, the district court transferred the instant action to the undersigned. (Docket # 8). The consent forms stated simply that the parties voluntarily consented to "assignment of the case to *a* magistrate judge to conduct all proceedings in the case." (*Id*.) (emphasis added). On May 4, 2011, this Court issued an order transferring the

instant action to Magistrate Judge Bianchini.  (Docket # 24).  Defendant filed the instant motion on June 23, 2011.  (Docket # 25).  No activity occurred in the case between the May transfer order and the filing of the instant motion.

28 U.S.C. § 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgement in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."

Where parties consent to the jurisdiction of a specifically-named magistrate judge, any subsequent disposition by another magistrate judge without the consent of the parties is improper and must be vacated.  *Mendes Junior Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920, 924 (5th Cir. 1992).  The court may not simply "infer that consent to a specific, named magistrate judge constitutes consent to a different magistrate judge." *Kalan v. City of St. Francis*, 274 F.3d 1150, 1153 (7th Cir. 2001); *accord Hatcher v. Consol. City of Indianapolis*, 323 F.3d 513, 517 (7th Cir. 2003).  "[T]he real-world fact [is] that parties may be influenced in their decision whether or not to consent to magistrate judge jurisdiction by the knowledge of which individual will acquire responsibility for their case." *Hatcher v. Consol. City of Indianapolis*, 323 F.3d at 518.  Where, however, the "plain language of the [consent form] indicates that the parties consent to have *any* [magistrate judge] preside in their case," a later transfer to a second magistrate judge is not improper. *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 39-40 (5th Cir. 2008) (emphasis added).  A party may implicitly consent to the jurisdiction of a magistrate judge by appearing before that magistrate judge without objection and filing motions

after receiving notice of the reassignment. *Astra USA, Inc. v. Bildman*, 375 F. App'x 129, 132 (2d Cir. 2010).

Here, the consent form that the parties signed did not name a specific magistrate judge to whom the case would be transferred. The letter accompanying the consent form sent to the parties, however, stated that if they signed the consent form, the case would be transferred to the undersigned. Indeed, defense counsel has affirmed that he understood from the letter that the undersigned would acquire responsibility for disposition of the case. (Docket # 25 at ¶ 6). Further, defendant timely objected to the transfer and did not implicitly consent to disposition by another magistrate judge. On this record, I grant defendant's motion to vacate the transfer order.

For the reasons discussed above, defendant's motion to vacate the transfer order **(Docket # 25)** is **GRANTED**. The undersigned will conduct all further proceedings in the case, including the final entry of judgment.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
       November   4  , 2011