UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID SELL,

                      DECISION & ORDER

               Petitioner,

                      10-CV-6182P

      v.

JAMES T. CONWAY,

             Respondent.

_____

        Petitioner David Sell ("Sell") in the above-captioned matter has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging, *inter alia,* that the trial court improperly denied his peremptory challenge to a juror under federal and state law, the prosecutor failed to disclose *Brady* material and he was denied effective assistance of counsel.  (Docket # 1). Currently pending before the Court are Sell's motions to stay the proceedings so that he may return to state court to exhaust his remedies, to supplement the record and to conduct discovery. (Docket ## 15, 17, 26).

I. **Sell's Motion for a Stay**

        Sell's "Motion to Supplement or for a Stay" (Docket # 15) and "Motion to Stay" (Docket # 17) seek essentially the same relief.  In the Motion to Stay, Sell lists five issues that he wishes to return to state court to exhaust.  (Docket # 17).  Specifically, his motion identifies them as follows:

> (1) Defects as to my Indictment.  Specifically, there exists no signed true [b]ill, as well as two different indictments for the same charges[] that contain two different forms of signature.

>(2) Newly discovered evidence pertaining to witness Virgil Williams.
>
>(3) I would like to properly preserve point four of my petition by way of Error Coram Nobis.
>
>(4) The mishandling of [j]ury notes.
>
>(5) Counsel's failure to properly challenge Juror No. 11.

(*Id*.).  Sell's motion is unaccompanied by either a memorandum of law or affidavit explaining or justifying his request.  In his reply, Sell has attached two pages from the minutes of witness Virgil Williams's sentencing, during which the judge stated that he had been advised by the district attorney's office that Williams had cooperated in the prosecution of "another who had apparently shot at him." (Docket # 21).  Sell identifies himself as the victim to whom the judge was referring.  (*Id*. at ¶ 10).  According to Sell, this "newly-discovered evidence, coupled with previous evidence of [two other] witness[es] testifying falsely in regards to their plea agreements, has merit and is relevant to the bearing it had on the verdict." (*Id*. at ¶ 11).

In order to invoke the stay-and-abeyance procedure, a petitioner must fulfill the criteria set forth in *Rhines v. Weber*, 544 U.S. 269 (2005).  In *Rhines*, the Supreme Court stated,

>[S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

544 U.S. at 277.

### A. Newly-Discovered Evidence Concerning Virgil Williams

I turn first to the second ground that Sell seeks a stay to exhaust – the alleged newly-discovered evidence that Virgil Williams was cooperating with the district attorney's office when he testified in Sell's trial. Sell has provided far too little information for this Court to determine whether a stay should be granted, however. For example, the Court cannot discern the date on which Williams was sentenced (specifically, whether it was before or after Sell's trial); the date when Sell obtained the minutes; the reasons, if any, that Sell could not obtain the evidence earlier; and, the relevance of the alleged newly-discovered evidence to the merits of Sell's pending habeas petition. Further, Sell has failed to identify the state relief that he intends to seek on the basis of the sentencing minutes and the new claim that he intends to include in his habeas petition. Finally, Sell has failed to address the *Rhines* factors in seeking a stay on this ground.

Without the benefit of this information, this Court cannot determine whether Sell's claim is "plainly meritless" or whether he can demonstrate good cause for failing to exhaust this claim earlier. Accordingly, Sell's motion for a stay to pursue state relief related to Virgil Williams's alleged cooperation with the district attorney's office is **DENIED without prejudice to renewal**. Should Sell wish to pursue a stay for the purpose of exhausting this issue, he must re-file his motion to stay within thirty (30) days of receipt of this Order and must include with his motion an affidavit addressing the questions identified above, as well as the factors in *Rhines v. Weber*. Specifically, Sell must explain (1) when he obtained the sentencing minutes, (2) why he did not obtain them sooner, (3) when Williams was sentenced, (4) how Williams's

sentencing minutes relate to the merits of his petition, (5) what relief he intends to seek in state court, and (6) the *Rhines* factors.

In addition to re-filing his motion for a stay, Sell must also file a motion to amend the petition to include the new unexhausted claim(s) he seeks to add to the petition. The motion to amend the petition must attach a proposed amended petition that raises *both* the claims now raised in the petition *and* the new claim or claims that Sell seeks to exhaust and add to the pending petition.

In his motion to amend the petition, Sell must address the "relation back" requirement of Rule 15(c) of the Federal Rules of Civil Procedure. Under that rule, where a petitioner seeks to add a new claim to his habeas petition after the expiration of the statute of limitations,[1] he must demonstrate that the proposed amendment "relates back" to the claims in the original petition. *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000) ("Rule 15(c) [of the Federal Rules of Civil Procedure] applies to [28 U.S.C.] § 2254 petitions for habeas corpus"). An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence" set forth in the original petition. Fed. R. Civ. P. 15(c)(1)(B).

The Supreme Court has interpreted the term "conduct, transaction, or occurrence" in the context of a habeas petition to require more than a showing that the new claim relates to petitioner's state-court criminal "trial, conviction, or sentence." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). As the Court explained, to hold otherwise would mean that "virtually any"

---

[1] "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, the statute of limitations apparently expired in March 2011 – one year after he was denied leave to appeal the denial of his C.P.L. § 440.10 motion – without the petitioner having filed any motion to amend. (*See* Docket ## 1 at ¶ 10; 10 at ¶ 7).

proposed amendments to a habeas petition would "relate back" under Rule 15(c) because "federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* at 657 (citation omitted). Rather, the Court held that "relation back will be in order" so long as "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* at 664. A proposed amendment will not satisfy the relation-back doctrine "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

### B. Ineffective Assistance of Counsel

With respect to the third ground, Sell states that he would like to "properly preserve point four of [his] petition by way of error *coram nobis*," but does not elaborate further. (Docket # 17). Point Four of the petition relates to ineffective assistance of trial counsel. (Docket # 1). Claims of trial counsel's ineffectiveness may not be raised in a *coram nobis* application, however; rather, an application for a writ of error *coram nobis* is the proper vehicle to exhaust claims of ineffective assistance of appellate counsel. *Congelosi v. Miller*, 611 F. Supp. 2d 274, 307-08 (W.D.N.Y. 2009). Based on the conclusory nature of his motion, it is unclear whether he wishes to return to state court to pursue additional claims of ineffective assistance related to his trial counsel, which he has already pursued through two separate C.P.L. § 440.10 proceedings (*see* Docket # 1 at 3-4), or if he wishes to apply for a writ of error *coram nobis* related to appellate counsel, an issue he has not previously raised.

Without this information, this Court cannot determine whether Sell has shown good cause for either or if such efforts would be plainly meritless. Accordingly, Sell's request

5

for a stay on this ground is denied without prejudice to renewal. Should Sell wish to renew his motion to stay on this ground, he must re-file his motion for a stay and explain the nature of the ineffective assistance of counsel claim he seeks to pursue and address the *Rhines* factors relating to the merits of his claim and good cause for his failure to raise the claim before now.

### C. The Other Claims

Sell's first stated ground for a stay – that he should be permitted to exhaust the question of defects in the indictment – does not present a federal constitutional question cognizable on habeas review and thus does not justify delaying the action to allow him to return to state court. *Campbell v. Poole*, 555 F. Supp. 2d 345, 378 (W.D.N.Y. 2008) (validity of indictment is question of state law).

As for the fourth ground, Sell wishes to return to state court to exhaust "[t]he mishandling of [j]ury notes." (Docket # 17). Again, Sell has not provided any detail regarding how the jury notes were mishandled and why he could not have exhausted the claim sooner. Sell has not demonstrated that the claim is not "plainly meritless" and that he had "good cause" for not commencing exhaustion proceedings sooner. *Rhines v. Weber*, 544 U.S. at 277.

Sell has identified the fifth ground simply as "counsel's failure to properly challenge Juror No. 11." (Docket # 17). In fact, trial counsel did challenge Juror 11 because of his prior service as a justice of the peace, and Sell has raised this issue in his petition. (Docket ## 1; 13 at 10-14). The Court will address this contention when it decides Sell's petition. Applying *Rhines*, Sell has not demonstrated either that the claim is not "plainly meritless" or that he had "good cause" for not instituting exhaustion proceedings earlier.

II. **Sell's Motion to Supplement and for Discovery**

Sell has also moved to supplement his petition and for permission to conduct certain discovery. (Docket # 26). Specifically, Sell wishes to supplement his petition with transcripts of Gordon Maston's plea minutes in support of his argument that the prosecutor used Maston's perjured testimony and failed to disclose a cooperation agreement by Maston. Sell's request is granted.

Finally, Sell seeks to supplement his petition with additional copies of his indictment and the true bill cover sheet and requests permission to conduct discovery into grand jury matters related to his indictment. Under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, discovery is available only by leave of the court and must be supported by reasons that demonstrate "good cause" for the request. A petitioner may show good cause by presenting "specific allegations" that give the court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). "Generalized statements about the possible existence of discovery material are insufficient to constitute 'good cause,'" *Gonzalez v. Bennett*, 2001 WL 1537553,*4 (S.D.N.Y. 2001), and the court may deny discovery where the petitioner provides "no specific evidence that the requested discovery would support his habeas corpus petition." *Id*. I deny both Sell's request to supplement the record and his request for discovery on the same basis as I denied his request for a stay to permit him to exhaust this issue in state court: deficiencies in the indictment or grand jury proceedings do not present federal constitutional questions cognizable on habeas review.

*See, e.g., Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989); *Campbell v. Poole*, 555 F. Supp. 2d 345, 378 (W.D.N.Y. 2008). Therefore, Sell has not established good cause for the discovery he seeks.

## CONCLUSION

For the reasons discussed above, Sell's "Motion to Supplement or for a Stay" **(Docket # 15) is DENIED**. Sell's "Motion to Stay" **(Docket #17)** on the first, fourth and fifth grounds is **DENIED**. His motion to stay the petition in order to exhaust claims related to the discovery of new evidence regarding witness Virgil Williams and claims related to the ineffective assistance of counsel **(Docket # 17)** are **DENIED without prejudice to renewal**. His motion to supplement the record and to conduct discovery **(Docket # 26)** is **GRANTED in PART and DENIED in PART**. Accordingly, it is hereby

ORDERED, that if Sell wishes to re-file his motion for a stay so that he may exhaust claims related to Virgil Williams or the ineffective assistance of counsel, he must do so in accordance with the instructions above by no later than **thirty (30) days of his receipt of this Order. Sell is further advised that this Order in no way limits his ability to pursue any *state* court remedies that may be available to him with regard to his unexhausted claim or claims independent of his habeas petition. He is advised, however, that he must fulfill the conditions stated herein for amending his habeas petition so as to present any additional claims to this Court**. Specifically, it is further

ORDERED, that Sell must attach to his motion to amend a proposed amended petition that includes both the claims now raised in the petition and the new claims he seeks to exhaust and add to the instant habeas corpus petition. In addition to re-filing the motion for a

stay, he must file concurrently and serve upon respondent a motion to amend the petition pursuant to Federal Rules of Civil Procedure 15 that addresses the "relation back" doctrine as set forth herein. **Such motion to amend the petition must be filed at the same time as any motion for a stay and in no event later than thirty (30) days of his receipt of this Order**. Sell must serve respondent's counsel with the motion to amend the petition. It is further

ORDERED, that respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing memorandum of law. Sell shall have twenty (20) days from the date he receives respondent's opposition papers to submit a reply memorandum of law. It is further

ORDERED, that the Clerk of the Court is directed to send Sell a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254, which Sell should use for his proposed amended petition.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
March 30, 2012